**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LYNN IVES, | : | |
| Plaintiff | : | CIVIL ACTION NO. 2:15-cv-05317-JCJ |
| | : | |
| V. | : | ELECTRONICALLY FILED |
| | : | |
| NHS HUMAN SERVICES, INC. | : | JURY TRIAL DEMANDED |
| Defendant | : | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Defendant NHS Parkside Recovery, incorrectly designated as NHS Human Services, Inc., hereby submits this Response in Opposition to Plaintiff's Motion for Leave to Amend and avers as follows:

**I.      INTRODUCTION**

This is an employment discrimination and retaliation claim filed by Plaintiff alleging that Defendant violated, inter alia, Title VII of the Civil Rights Act ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). These claims mirror the allegations Plaintiff made in the three discrimination Charges she cross-filed with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). Notably, in each Charge, Plaintiff specifically alleged that Defendant's actions violated both Title VII and the PHRA. Absent from any of these filings, however, are any allegations that NHS violated the Philadelphia Fair Practices Ordinance ("PFPO"). Furthermore, while Plaintiff requested that the EEOC cross-filed her Charge with the PHRC, Plaintiff did make the same request with regard to the Philadelphia Commission on Human Relations ("PCHR"). Now, after discovery is closed and Defendants are in the process of preparing a summary judgment motion, Plaintiff sought leave to amend the Complaint to include a newly

minted PFPO claim.  Plaintiff's Motion should be denied because any such amendment would be futile and the timing of Plaintiff's filing is extremely prejudicial to Defendant.

## II.     FACTUAL AND PROCEDURAL HISTORY

NHS Parkside is a Drug and Alcohol ("D&A") treatment center that operates two facilities in Philadelphia focusing on substance abuse services, recovery and methadone maintenance.  NHS Parkside offers services designated for persons with mental health and substance abuse disorders at both its Germantown Avenue and Parkside Avenue locations.  Plaintiff was hired as the Director of Nursing at NHS Parkside in February 2012.  In that capacity, she worked in conjunction with a number of physicians, counselors and other staff to help provide a high level of care to individuals seeking help for substance abuse and the mental health issues often associated with it.

As the Director of Nursing, Plaintiff's responsibilities included, inter alia, the oversight of the nursing staff at NHS Parkside's D&A Programs, the direct supervision of all nursing supervisors and the oversight of operation of the medical department.  As the record on summary judgment will demonstrate, Plaintiff failed at these duties.  Consequently, NHS made the legitimate, non-retaliatory decision to progressively discipline and ultimately terminate her.

After NHS Parkside began the disciplinary process with regard to Plaintiff, Plaintiff began filing EEOC Charges.  All told, Plaintiff filed three separate Charges alleging that she was subjected to a hostile work environment and disciplined in retaliation for engaging in protected activity.  Each of these Charges was filed with the EEOC and Plaintiff requested that they be cross-filed with the PHRC.  Plaintiff, however, did not request that they be cross-filed with the PCHR nor did she reference the PFPO in any of her filings.

After the EEOC concluded its investigation and issued Dismissal Notices to Plaintiff, Plaintiff initiated this action in this Court. Plaintiff did so in September 2015 and the parties engaged in extensive discovery. On June 6, 2016, the discovery period closed and NHS is in the process of preparing a motion for summary judgment. Amazingly, on the same day discovery closed, Plaintiff sought leave to amend the Compliant to add a new claim. Importantly, Plaintiff was well aware that this cause of action existed when the Complaint was filed. She, however, waited until the eleventh hour to try to bring it. As such, Defendant now files this Response to Plaintiff's Motion for Leave to Amend.

### III.  ARGUMENT

#### A. Standard

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading once as a matter of course and thereafter, only by leave of court or with the consent of the other parties. Fed. R. Civ. P. 15. The decision whether to grant or deny a motion to amend is within the sound discretion of the district court. Thompson v. Glenmede Trust Co., 1993 U.S. Dist. LEXIS 18054 (E.D. Pa. 1993) (citing Avatar Exploration Inc. v. Chevron, U.S.A., Inc., 933 F.2d 314 (5th Cir. 1991)). A district court may deny leave to amend where there has been undue delay, bad faith or dilatory motive on the part of the movant; where the amendment would prejudice the non-movant; or where the amendment would be futile. Foman v. Davis, 371 U.S. 178, 182 (1962). See also Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3d Cir. 1984). "Prejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) quoting (Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993)); Capp, Inc. v. Dickson/Unigage, Inc., 2004 U.S. Dist. LEXIS 19138, 2004 WL 2188100, at *3 (E.D. Pa. Sept. 8, 2004) (citing Foman, 371 U.S. at 182)); In re Burlington Coat

Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir. 1997); Leaphart v. Am. Friends Serv. Comm., 2008 U.S. Dist. LEXIS 103267 (E.D. Pa. Dec. 22, 2008). As set forth in detail below, this case provides a paradigmatic example of circumstances where leave to amend should be denied.

### B. Plaintiff's Motion for Leave Should Be Denied Plaintiff Failed To Exhaust Her Administrative Remedies And Any Such Amendment Would Be Futile

The Court should deny Plaintiff's untimely and prejudicial motion for leave to add a claim under the PFPO as any such amendment would be futile. It is well settled that a plaintiff bringing an employment discrimination claim under Title VII and/or the PHRA must comply with the procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing a lawsuit, a plaintiff must exhaust her administrative remedies by filing a timely discrimination Charge with the EEOC. Id. §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate the Charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before she can initiate a private action. Burgh v. Borough Council, 251 F.3d 465, 470 (3d Cir. 2001). The ensuing suit is limited to claims that are within the scope of the initial administrative Charge. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996). "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." Id. See 42 U.S.C. § 2000e-5(f)(1); see Ostapowicz v. Johnson Bronze, Co., 541 F.2d 394 (3d Cir. 1976), cert. denied, 429 U.S. 1041 (1977); see also Johnson v. Chase Home Finance, 309 F. Supp. 2d 667, 672 (E.D. Pa. 2004) (granting motion to dismiss and holding that plaintiff failed to exhaust her claims of retaliation against her former employer with the EEOC, where plaintiff's EEOC Charge made no reference to retaliation claim); Wright v. Philadelphia Gas Works, 2001 WL 1169108 *3 (E.D. Pa. Oct 2, 2001).

Where a plaintiff brings a Title VII, PHRA and/or PFPO claim in court without first asserting those claims before the EEOC, the PHRC and/or the PCMR, the court must dismiss

those claims on the ground that the plaintiff failed to exhaust his or her administrative remedies. See Robinson v. Dalton, 107 F.3d 1018, 1022 (3d Cir. 1997) (quoting Hornsby v. United States Postal Serv., 787 F.2d 87, 90 (3d Cir. 1986) ("the causes of action created by Title VII do not arise simply by virtue of the events of discrimination which that title prohibits.  A complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII:  prior submission of the claim to the EEOC for conciliation or resolution.").  In this case, Plaintiff is seeking leave to amend her Compliant to add a claim under the PFPO.  Without question, she failed to include any such claims in any of the three Charges that she filed with the EEOC.  Plaintiff therefore has not exhausted her administrative remedies and Plaintiff should be precluded from amending the Complaint to add a PFPO claim at this late of stage more than two years after her termination.

      Prior to bringing PFPO claims, Courts in this District have consistently held that a plaintiff is required to exhaust her administrative remedies by filing those claims for investigation with either the PCHR or the PHRC. See Richards v. Foulke Associates, Inc., 151 F. Supp. 2d 610, 616 (E.D. Pa. 2001) (dismissing PFPO claims for failure to exhaust when plaintiff withdrew them from PCHR and filed discrimination claim solely with EEOC); see also Hall v. Resources for Human Development, No. Civ. A. 99-CV-3511, 2000 WL 288245, *2 (E.D. Pa., Mar. 7, 2000) (dismissing a PFPO claims holding prior to bringing PFPO claims before this court, those claims must be filed with either the PHRC or the PCHR).  Importantly, Courts in this Circuit have held that merely filing a Charge with one agency is insufficient to demonstrate that all administrative remedies have been exhausted. See, e.g., Parsons v. City of Philadelphia, 833 F. Supp. 1108, 1114 (E.D. Pa. 1993); Woodson v. Scott Paper Co., 109 F.3d 913, 927 (3d Cir. Pa. 1996) ("evidence of the worksharing agreement alone cannot serve to show that Woodson

invoked the Pennsylvania state administrative remedy as required by the PHRA. This holding is consistent with the result reached by the district courts of this Circuit that have considered this issue."). While there is no question that Plaintiff cross-filed her Charges with the EEOC and the PHRC, there is also no question that these filings filed did not include any PFPO claims. See Notices of Charge of Discrimination, attached as Exhibit "A," "B" and "C." In particular, in each Charge, Plaintiff specifically alleged:

> I allege that Respondent has discriminated against me based on my sex (female) and retaliated against me in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff, however, failed to mention the PFPO. Accordingly, Plaintiff failed to exhaust administrative remedies with respect to her PFPO claims and is barred from bringing them here. See Hall, 2000 WL 288245 at *2. See Rhoades v. Young Women's Christian Ass'n of Greater Pitts., Civ. No. 09-1548, 2010 U.S. Dist. LEXIS 119008, 2010 WL 4668469, at *4-5 (W.D. Pa. Nov. 9, 2010) ("Even if Plaintiff had timely filed her claims with the PHRC, she failed to exhaust her administrative remedies with respect to those claims when she withdrew them from the PHRC."); Ellis v. Mohenis Servs., Inc., Civ. No. 96-6307, 1997 U.S. Dist. LEXIS 8934, 1997 WL 364468, at *3 (E.D. Pa. June 18, 1997) ("Despite Plaintiff's mention of the PHRA in his EEOC Charge, Plaintiff has not made use of the PHRA's procedures, and has asserted that he will not make use of them in the future. Under these circumstances, I find that Plaintiff has not invoked the PHRA."); Schweitzer v. Rockwell Int'l, 402 Pa. Super. 34, 586 A.2d 383, 387 (Pa. Super. Ct. 1991) (plaintiff had not exhausted remedies afforded her by PHRA when she requested that PHRC transfer her complaint to EEOC). Therefore, Plaintiff's newly minted

PFPO claims are futile and the Court should deny Plaintiff's Motion for Leave to Amend the Complaint.

### C. Plaintiff's Motion For Leave to Amend Should Be Denied Because Plaintiff's Failed To Seek Leave To Amend Until After The Close Of Discovery

Assuming that the Court was to determine that Plaintiff's PFPO claims are not futile, the Court should deny Plaintiff's request for leave to amend because the undue delay in seeking leave to amend is prejudicial to Defendants. Notably, Plaintiff filed this action on September 23, 2015 and the discovery period, which was extended until June 6, 2016, has concluded. Now, shortly before Defendants are to file their summary judgment brief, Plaintiff is asking the Court to permit her to Amend the Complaint to add a newly minted claim. In waiting until discovery closed to seek leave to amend, Plaintiff's conduct has prejudiced Defendant by the addition of newly minted claims so late in the litigation.

In the Third Circuit, prejudice to the non-moving party is the touchstone for denial of leave to amend. Lorenz, 1 F.3d at 1414. Specifically, Courts in this Circuit have repeatedly found undue prejudice to the non-moving party and denied leave to amend where the amendment would have asserted new claims, where new discovery would have been necessary, where the motion for leave was filed months after the factual basis of the amendment was discovered by the moving party, and where the motion for leave was brought after summary judgment motions were filed. Capp, 2004 U.S. Dist. LEXIS 19138, 2004 WL 2188100, at *3 (quoting Cummings v. City of Phila., 2004 U.S. Dist. LEXIS 9030, 2004 WL 906259, at *4 (E.D. Pa. Apr. 26, 2004)).

In this case, this matter has been pending since September 2015. Plaintiff has known about the existence of the PFPO since she began filing EEOC Charges yet she waited until the discovery period closed to seek leave to amend. Plaintiff's tactic is therefore highly prejudicial to Defendant and the fact that she delayed filing her Motion until after discovery closed

constitutes undue delay.  As such, the Court should deny Plaintiff's Motion especially considering that Defendant's Summary Judgment Motion is due in less than twenty (20) days.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Leave to Amend as Plaintiff failed to exhaust her administrative remedies and is now seeking leave to amend over two years after her termination.

                Respectfully submitted,

                MURPHY & ASSOCIATES

        BY:  s/Patrick G. Murphy, Esquire
                PATRICK G. MURPHY, ESQUIRE
                ATTY. I.D. NO. 34815
                EDWARD J. MURPHY, JR., ESQUIRE
                ATTY. I.D. NO. 91814
                640 SENTRY PARKWAY, SUITE 100
                BLUE BELL, PA 19422
                (215) 643-6500

Date:   June 20, 2016

## **CERTIFICATE OF SERVICE**

I, Patrick G. Murphy, Esquire, hereby certify that on the June 20, 2016, I caused a copy of Defendant's Response to Plaintiff's Motion for Leave to Amend to be served electronically upon the following person:

>Kevin Console, Esquire
>Console Law Offices LLC
>1525 Locust Street, 9th Floor
>Philadelphia, PA  19102

>BY:   s/Patrick G. Murphy, Esquire
>PATRICK G. MURPHY, ESQUIRE
>ATTY. I.D. NO. 34815
>640 SENTRY PARKWAY, SUITE 100
>BLUE BELL, PA 19422
>(215) 643-6500
>Attorney for Defendant