```
                 IN THE UNITED STATES DISTRICT COURT
               FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

|                        |   |                     |
|------------------------|---|---------------------|
| LYNN IVES              | : | CIVIL ACTION        |
|         Plaintiff,     | : | NO. 2:15-cv-5317-JCJ|
| v.                     | : |                     |
| NHS HUMAN SERVICES, INC.| : |                    |
|         Defendant.     | : |                     |

**MEMORANDUM AND ORDER**

JOYNER, J.                                              July 27, 2016

Before this Court are Plaintiff's Motion for Leave to Amend Plaintiff's Complaint (Doc. No. 13), Defendant's Response in opposition thereto (Doc. No. 15), and Plaintiff's Reply in further support thereof (Doc. No. 16). For the reasons below, the Motion shall be GRANTED.

**Factual and Procedural Background**

Plaintiff is a female former employee of Defendant. In or around February 2012, Plaintiff was hired as Director of Nursing at Defendant's Parkside Avenue location. Doc. No. 1 at 8 of 39. Plaintiff worked in Defendant's Addiction Services Department along with several physicians, including a male physician named

1

Dr. Bobb. Id. In October 2013, Plaintiff charged Defendant with sex discrimination and retaliation in a complaint submitted to the Equal Employment Opportunity Commission ("EEOC"), a federal agency, and dual filed with the Pennsylvania Human Relations Commission ("PHRC"), a state agency. Id. at 22-25 of 39. In that complaint, Plaintiff alleged that Dr. Bobb had yelled at and criticized her on multiple occasions, including one especially offensive encounter in which he swore at her and accused her of being a liar and a "pill popper." She also alleged that, shortly after she expressed to several other colleagues her concern that Dr. Bobb treated women in their workplace worse than men, she was issued a written performance warning that she believed to be unwarranted and retaliatory.

Plaintiff submitted a second complaint to the EEOC, again dual filing with the PHRC, in February 2014. Id. at 27–29 of 39. She alleged further sex discrimination and retaliation by Defendant that occurred after she had filed her first complaint. Plaintiff alleged that her female supervisor, Dr. Murray, pressured her to move her office nearer to Dr. Bobb's office, and that Plaintiff was unfairly subjected to special supervision as a formal sanction for having stayed home one day due to inclement weather. She also claimed that she was wrongfully excluded from important discussions, directed to refrain from providing certain patient services, and denied time off that she had normally been

granted before she complained about her work environment.

Plaintiff submitted her third and final administrative complaint to the EEOC, and dual filed it with the PHRC, in April 2014. Doc. No. 1 at 31-33 of 39. In it, Plaintiff alleged that, after she filed her second complaint, Dr. Murray asked a patient to write a letter falsely accusing Plaintiff of having been rude to him, and thereafter Defendant terminated Plaintiff's employment based on false premises.

In all three of Plaintiff's administrative complaints, she expressly asserted that Defendant had subjected her to sex discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, et seq. ("PHRA"). Doc. No. 1 at 24, 28, and 32 of 39.

On June 30, 2015, the EEOC issued three Notice of Right to Sue letters to Plaintiff, one for each complaint she filed. Doc. No. 1 at 35, 37, and 39 of 39.

On September 23, 2015, Plaintiff filed a Complaint in this Court asserting, inter alia, claims under Title VII and the PHRA for sex discrimination and retaliation. Plaintiff's Complaint contains essentially the same factual allegations against Defendant as those she asserted in her three administrative

complaints.

Plaintiff now moves to amend her Complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure to include sex discrimination and retaliation claims under the Philadelphia Fair Practices Ordinance, Phila. Code §9-1101, et seq. ("PFPO"), a local law, based on the same facts as her parallel claims under federal and state law. The parties have not suggested that the three laws materially differ,[1] nor that Plaintiff seeks to pursue substantively different discrimination and retaliation claims under them. The issue before this Court is whether Plaintiff should be granted leave to amend her Complaint to introduce claims under local law that are substantively identical to her original claims that were asserted under practically identical state and federal laws.

Plaintiff argues that a recent decision, Ahern v. EResearch Tech., Inc., No. 15-5911, 2016 U.S. Dist. LEXIS 57835 (E.D. Pa. Apr. 29, 2016), indicates that she can include PFPO claims in her Complaint despite having not cited the PFPO in her administrative

---

[1] Title VII, the PHRA, and the PFPO are so similar that employment discrimination under any one of them is generally presumed to constitute employment discrimination under the other two as well. See Joseph v. Cont'l Airlines, Inc., 126 F. Supp. 2d 373, 376 n.3 (E.D. Pa. 2000) (noting that the analysis of a discrimination claim under Title VII applies with equal force to claims under the PFPO resting on the same facts); Weston v. Pennsylvania, 251 F.3d 420, 425 n.3 (3d Cir. 2001), overruled in part on other grounds by Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53 (2006) ("The proper analysis under Title VII and the [PHRA] is identical, as Pennsylvania courts have construed the protections of the two acts interchangeably."); Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610, 614 (E.D. Pa. 2001) (discussing the similarity between the PHRA and the PFPO).

complaints. Plaintiff also argues that these additional claims would not prejudice Defendant because they would not require any extra discovery or litigation. Doc. No. 16 at 6-15 of 34.

Defendant argues that Plaintiff's amendment should not be allowed because the PFPO claims would be barred for failure to exhaust the necessary administrative remedies, thus rendering the amendment futile. Doc. No. 15 at 4-7 of 9. Defendant further argues that the amendment would be prejudicial because Plaintiff did not seek to introduce it until after the close of discovery. Id. at 7-8 of 9.

### Legal Standard

Pursuant to the Federal Rules, if a responsive pleading has been filed, then a party may amend a pleading only upon leave of the court or written consent of the adverse party. Fed. R. Civ. P. 15(a). We "should freely give leave [to amend pleadings] when justice so requires." Id. We may deny such leave if the amendment has been unduly delayed, would unduly prejudice the nonmoving party, or would be futile. Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Undue delay is established if a proposed amendment "plac[es] an unwarranted burden on the court" and the movant had an inappropriate motive for proposing it later rather than sooner.

Adams v. Gould, Inc., 739 F.2d 858, 868 (3d Cir. 1984). The "mere existence of delay" alone is not sufficient. Merican, Inc. v. Caterpillar Tractor Co., 596 F.Supp. 697, 705 (E.D. Pa. 1984). Prejudice is established if the proposed amendment "plac[es] an unfair burden on the opposing party." Adams, 739 F.2d at 868. A proposed amendment would be futile if such amendment would not withstand a motion to dismiss. See Massarsky v. Gen. Motors Corp., 706 F.2d 111, 125 (3d Cir. 1983).

The burden is on the nonmoving party to show that there are grounds for denying leave to amend. See Chancellor v. Pottsgrove Sch. Dist., 501 F. Supp. 2d 695, 700 (E.D. Pa. 2007).

## Discussion

**Futility**

The futility issue in this case is whether the PFPO claims that Plaintiff seeks to introduce would be barred for failure to exhaust the necessary administrative remedies. The introduction of claims that are barred by the exhaustion doctrine would be futile, since such claims would be unable to withstand a motion to dismiss. See Robinson v. Dalton, 107 F.3d 1018, 1020 (3d Cir. 1997) ("It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief."); see also Connors v. Bethlehem Mines Corp., 862 F.2d 461, 464 (3d Cir. 1988)

(affirming a district court's denial of leave to amend the movant's pleadings to include claims that were "facially . . . deficient" because the movant failed to exhaust the necessary administrative remedies for those claims).

The Pennsylvania Supreme Court has not ruled on whether PFPO claims are subject to the exhaustion doctrine. See Richards v. Foulke Assocs., Inc., 151 F. Supp. 2d 610, 616 (E.D. Pa. 2001); Marriott Corp. v. Alexander, 799 A.2d 205, 208 (Pa. Commw. Ct. 2002). Courts in our circuit have found that they are. See, e.g., Hall v. Res. for Human Dev., Inc., No. CIV. A. 99-CV-3511, 2000 WL 288245, at *2 (E.D. Pa. Mar. 7, 2000); Richards, 151 F. Supp. 2d at 616 (predicting that the Pennsylvania Supreme Court would find the statutory scheme established by the PHRA to be frustrated if PFPO claims were not subjected to the PHRA's exhaustion requirement). The Commonwealth Court of Pennsylvania has also adopted this view. See Marriott, 799 A.2d at 205-06 (Pa. Commw. Ct. 2002). These courts have found that the exhaustion requirement may be satisfied by filing an administrative complaint with the PHRC. Hall, 2000 WL 288245, at *2; Marriott, 799 A.2d at 208; Richards, 151 F. Supp. 2d at 616.

Here, Plaintiff filed her administrative complaints with the PHRC. Defendant argues, however, that Plaintiff has not satisfied her PFPO claims' exhaustion requirement because she failed to cite the PFPO in those complaints. Doc. No. 15 at 4-7 of 9.

Plaintiff argues that her PFPO claims are not precluded under the exhaustion doctrine, relying exclusively on Ahern. Doc. No. 16 at 13 of 34. The issue in Ahern was whether the plaintiff had satisfied the exhaustion requirement for a pregnancy discrimination claim under the PFPO by filing a charge with the EEOC in which she alleged pregnancy discrimination in violation of other laws, including Title VII and the PHRA. 2016 U.S. Dist. LEXIS 57835 at *3-4. The Ahern court found that she had, even though she did not reference the PFPO in her administrative complaint. Id. at *6.

Ahern's position that a statutory claim with an exhaustion requirement can be brought before a federal district court so long as the factual allegations upon which it is based have been submitted to an appropriate agency, regardless of whether the plaintiff cited the applicable statute in his or her administrative complaint, comports with the Third Circuit's approach to the issue. See Waiters v. Parsons, 729 F.2d 233, 237-38 (3d Cir. 1984) (per curiam); Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996); Ostapowicz v. Johnson Bronze Co., 541 F.2d 394, 398-99 (3d Cir. 1976).

In Waiters, the Third Circuit held that a plaintiff's Title VII claim was not barred under the exhaustion doctrine because the "core grievance-retaliation-[was] the same" in the plaintiff's administrative complaint and in her ensuing lawsuit.

729 F.2d at 238. The court asserted that the "relevant test . . . is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom." Id. at 237.

In Antol, the Third Circuit applied the Waiters test for exhaustion and concluded that an administrative complaint alleging disability discrimination did not satisfy the exhaustion requirement for an ensuing civil action for sex discrimination under Title VII:

> The specifics of [the plaintiff's] disability discrimination charge do not fairly encompass a claim for gender discrimination . . . . The [EEOC's] investigation focused, quite properly we think, on the gravamen of Antol's [administrative] complaint—disability discrimination. Neither the EEOC nor the agency were put on notice of a gender discrimination claim. . . . [Plaintiff] failed to exhaust administrative remedies for his gender discrimination claim.

82 F.3d at 1296.

Neither Waiters nor Antol discussed what laws, if any, the plaintiffs had cited in their administrative complaints. What mattered was whether the facts they alleged in their administrative complaints were sufficiently related to the facts upon which their ensuing lawsuits were based. While those cases specifically addressed the exhaustion requirement for Title VII claims, we believe that the rationale behind the court's fact-focused approach applies with equal force to the exhaustion

requirement for PFPO claims.[2]

Here, Plaintiff's PFPO claims are based upon the same factual allegations and the same core grievances that she alleged in her administrative complaints. The Waiters test for exhaustion is therefore satisfied. Plaintiff's administrative complaints, and the EEOC's investigations into their merits, satisfy the exhaustion requirement for her PFPO claims.

Because the administrative remedies for Plaintiff's PFPO claims have been properly exhausted, her proposed amendment asserting those claims would not be futile.

**Prejudice**

Defendant alleges that allowing Plaintiff to amend her Complaint would prejudice Defendant, because the amendment was proposed after the close of discovery. Doc. No. 15 at 7–8 of 9.

In Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988), the Third Circuit rejected a district court's reasoning

---

[2] The main purpose of exhaustion requirements is to "provide courts with the benefit of an agency's expertise and serve judicial economy by having the administrative agency compile the factual record," Robinson, 107 F.3d at 1020, and by giving "agencies the opportunity to settle disputes through conference, conciliation, and persuasion," Antol, 82 F.3d at 1296. These administrative functions do not depend on complainants' citations of particular employment discrimination statutes in their administrative complaints. Neither the EEOC nor the PHRC require any such citations from their complainants. See Filing a Formal Complaint, U.S. EEOC, https://www.eeoc.gov/federal/fed_employees/filing_complaint.cfm (visited July 5, 2016); Pennsylvania Human Relations Commission Employment Discrimination Questionnaire, http://www.phrc.pa.gov/Resources/ComplaintForms/Documents/Employment%20Discrimination%20%20Questionnaire.pdf (visited July 5, 2016). Plaintiffs need only supply an appropriate agency with the relevant factual allegations.

that a proposed amendment was prejudicial merely because it was filed after the close of discovery. The court found that the district court's denial of leave to introduce the amendment was an abuse of discretion because there was no reason to believe that the amendment would require discovery to be reopened. Id. Similarly, here, the proposed amended complaint would not require the reopening of discovery, since Plaintiff's PFPO claims are based on the same alleged facts and subject to the same legal standards as her discrimination and retaliation claims under Title VII and the PHRA. Therefore, we find that Plaintiff's amended complaint will not prejudice Defendant.[3]

## Conclusion

Defendant has not satisfied its burden to show that Plaintiff's proposed amendment has been unduly delayed or would be prejudicial or futile. We thus find justice to require that Plaintiff's Motion be granted. An Order follows.

---

[3] Plaintiff has asserted that her Motion was not unduly delayed because it was only upon the publication of Ahern at the end of April 2016 that Plaintiff had reason to believe she could avoid having her PFPO claims barred for failure to exhaust the necessary administrative remedies. Doc. 16 at 12-14 of 34. While we do not share Plaintiff's view that Ahern was crucial to establish her PFPO claims' viability, we nonetheless find that there was no undue delay. The Motion's timing has not burdened this Court, and we find no evidence of bad faith.